## Case No. 1,090.

### In re BASHFORD.

[2 N. B. R. 73, (Quarto. 26.)]

District Court, S. D. New York. Aug. 6, 1868.

BANKRUPTCY — DEBT CREATED BY FRAUD — DISCHARGE OF BANKRUPT.

An objection to discharge of bankrupt, grounded on the fact that the debt was created by fraud, is not a valid one. Such debts are not discharged by the discharge of bankrupt.

[In bankruptcy. Application for discharge of Henry W. Bashford, bankrupt. Opposed on the ground that the debt of the opposing creditor was created by fraud. Granted.]

This case having been submitted on the specifications filed in opposition to the discharge of the bankrupt, the following decision is ordered on file:

BLATCHFORD, District Judge. The only specification filed as the ground of objection to the discharge of the bankrupt is, that the debt of the creditor was created by the fraud and embezzlement of the bankrupt, and while acting in a fiduciary character. The objection is not a valid one. It is not one of the grounds of objection specified in section twenty-nine of the act [of March 2, 1867, (14 Stat. 531,)] as a ground for withholding the discharge. If the debt in question is one of the character set forth in the specification, it will not be discharged by the discharge. Sections thirty-two and thirty-three especially except such a debt from the operation of the discharge. But the existence of such a debt is no ground for withholding a discharge, which will operate on such debts as are not excepted by sections thirty-two and thirty-three. A discharge will be granted in this case when the register shall have furnished a certificate in conformity.

═══════

BASHORE, (SHRYOCK v.) See Case No. 12,820.

BASKET, (CHANEY v.) See Case No. 2,595.

BASKET, (HASSELL v.) See Case No. 6,198.

───────

#### BASKETS OF.

[Note. Cases cited under this title will be found arranged in alphabetical order under the quantity or number of baskets.]

═══════

## Case No. 1,091.

### In re BASS.

[3 Woods, 382;[1] 15 N. B. R. 453; 9 Chi. Leg. News, 303.]

Circuit Court, S. D. Georgia. April Term, 1877.

BANKRUPTCY — HOMESTEAD EXEMPTION — WAIVER BY BANKRUPT.

1. The homestead secured to the head of a family by the state law is excepted by section

─────────

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

2. The fact that the bankrupt has in a particular case waived his right to the exemption, or that the homestead was not ascertained and set out in severalty before the proceedings in bankruptcy were begun, does not change the rule.

[Approved in Byrd v. Harrold, Case No. 2,269.]

In bankruptcy. This was a petition filed by [John F. Picket] the assignee in bankruptcy to review the decision [unreported] of the bankrupt court denying an order asked for by the assignee, directing him to "sell sufficient of the property of the bankrupt, [Miles Bass,] in which the homestead exemption had been waived, to satisfy the claim in favor of which the waiver had been made." [Affirmed.]

Mr. Allen Fort, for the assignee:

1. A waiver of the homestead exemption is valid and binding in Georgia, and the debt in favor of which the waiver is made may be enforced against the exempted property: Bush v. Lester, 55 Ga. 579; Simmons v. Anderson, 56 Ga. 53; In re Solomon, [Case No. 13,166.] 2. The assignee is only bound to set apart such a homestead as was exempt by law in 1871. At that date a waiver of the homestead was binding on the debtor. 3. The district court has jurisdiction complete in all matters relating to the bankrupt estate, as well for the purpose of enforcing liens and equitable mortgages on the bankrupt's exemption property as for the distribution of whatever surplus there may be, as assets.

Mr. Simmons, for bankrupt:

1. A waiver in law, to be valid, must be made with the same solemnities as are necessary to create an estate in land. There was no such waiver in this case. 2. The court has no jurisdiction of the matter. In re Hunt, [Case No. 6,883;] In re Lambert, [Id. 8,026;] In re Poleman, [Id. 11,247.]